Requestor: Hon. Matthew T. Crosson, Chief Administrator of the Courts Unified Court System 270 Broadway New York, N.Y. 10007
Written by: Robert Abrams, Attorney General
Your counsel has asked my opinion on three questions with respect to the appropriateness of including certain costs and disbursements in final judgments obtained in the Civil Court of the City of New York, the District Courts of Nassau and Suffolk Counties and the City Courts outside the City of New York (the "courts of limited jurisdiction").
The first question is whether, in light of chapter 308 of the Laws of 1988, effective January 1, 1989, a prevailing plaintiff is entitled to reimbursement, as costs or disbursements, for the expense incurred in serving process by a non-enforcement officer in these courts of limited jurisdiction?
The second and third questions involve summary proceedings to recover possession of real property: (1) under chapter 308 of the Laws of 1988, § 1906-a, effective January 1, 1989, is a prevailing petitioner entitled to reimbursement, as disbursements, for the cost of service of process by an enforcement officer; and (2) where a petitioner pays a $25 fee to the court clerk for filing the petition, but not for issuing the notice of petition (because the petitioner's attorney has issued the notice), is the petitioner entitled to reimbursement, as either costs or disbursements, of the $25 filing fee?
In these courts of limited jurisdiction, there are provisions for the reimbursement of costs and disbursements to the prevailing party in a civil suit (New York City Civil Court Act, §§ 1903, 1908 ["NYCCCA"]; Uniform City Court Act, §§ 1903, 1908 ["UCCA"]; Uniform District Court Act, §§ 1903, 1908 ["UDCA"]).
In 1988, the costs provisions of each statute were amended, effective January 1, 1989.* Under the prior statutes, section 1903(d) of each act, a plaintiff was allowed, as costs, $2.50 for (a) service of a summons on each necessary defendant in a civil suit by a non-enforcement officer; and (b) service of a notice of petition on each necessary tenant in a summary proceeding by a non-enforcement officer.
The 1988 amendments to the statutes repealed section 1903 in its entirety, and added a new section 1903 and section 1906-a to each act. Section 1903, as amended, provides that the provisions of the Civil Practice Law and Rules ("CPLR") §§ 8102, 8103, 8104, 8105 and 8106 shall apply in actions and proceedings in these courts of limited jurisdiction. Those sections do not provide for the award of costs for service of process, whether by an enforcement officer or non-enforcement officer. Such reimbursement is, however, available under section 1906-a in summary proceedings.
The Legislature's repeal of the provision for reimbursement of the cost of service of process by a non-enforcement officer, except in a summary proceeding, is clear evidence of the Legislature's intent to eliminate reimbursement for that cost in these courts of limited jurisdiction. Accordingly, except in a summary proceeding, a prevailing plaintiff in a civil suit is not entitled to recover costs for the service of process by a non-enforcement officer.
A prevailing plaintiff in a civil suit is also not entitled to recover the expense incurred for service of process by a non-enforcement officer as a disbursement. Section 1908 of each act, relating to disbursements, was not amended. That section permits reimbursement for fees paid to an enforcement officer (§ 1908[a]) and "such other reasonable and necessary expenses as are prescribed by law or taxable by express provision of laws" (§ 1908[f]). Because section 1908(a) expressly limits reimbursement to fees paid to an enforcement officer, and there are no apparent provisions of law which provide otherwise, a prevailing plaintiff in a civil action is not entitled to disbursements for service of process by a non-enforcement officer.
CPLR § 8301(a)(12), which also provides for taxable disbursements for "such other reasonable and necessary expenses as are taxable according to the course and practice of the court, by express provision of law or by order of the court", is not controlling here, because if the Legislature had intended to incorporate this section, it would have done so, as it did when it amended section 1903 to incorporate CPLR §§ 8102-8106.
Therefore, a prevailing plaintiff in a civil action is not entitled to either costs or disbursements for service of process by a non-enforcement officer.
We turn now to your second and third questions. Section 1906-a, which provides for the recovery, as costs, for service of process by a non-enforcement officer expressly states that "such costs" shall be exclusive. Thus, a prevailing petitioner in a summary proceeding cannot recover costs for either service of process by an enforcement officer or for the $25 filing fee paid to the clerk of the court for filing the petition.
The expense incurred in service of process by an enforcement officer, and the $25 filing fee, also cannot be recovered as disbursements.
Unlike for costs, section 1906-a does not expressly state that the disbursements enumerated in section 1906-a are exclusive. However, section 1906-a only enumerates one recoverable disbursement in a summary proceeding, the fee paid to the clerk of the court pursuant to section 1911(a)(1) (UCCA), section 1911(b) (NYCCCA) and 1911(a)(2)(UDCA), respectively, for issuing the notice of petition.
The Legislature, by enumerating only one allowable disbursement in a summary proceeding, intended to exclude disbursements for other expenses incurred in a summary proceeding. Had the Legislature intended otherwise, it would either have been silent on disbursements, in which case the general disbursement section would have applied (see § 1908) or it would have expressly stated that disbursements are permitted pursuant to section 1908.
In civil actions, brought in the Civil Court of the City of New York, the District Courts of Nassau and Suffolk Counties and the City Courts outside the City of New York, except in summary proceedings, a prevailing party is not entitled to reimbursement, as either costs or disbursements, for the expense incurred in service of process by a non-enforcement officer. In summary proceedings, a prevailing party is not entitled to reimbursement as either costs or disbursements, for service of process by an enforcement officer, or for the $25 filing fee paid to the clerk of the court for filing the petition.
* The disbursement provisions of each statute were not amended (see New York City Civil Court Act, § 1908; Uniform City Court Act, §1908; Uniform District Court Act, § 1908).